BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
(205) 251-3000
Richard J. Davis (RD6537)
D. Christopher Carson *(pro hac vice pending)*
Marc P. Solomon *(pro hac vice pending)*
Counsel for Porter Capital

| | |
|---|---|
| IN RE: | : UNITED STATES BANKRUPTCY COURT |
| | : DISTRICT OF NEW JERSEY |
| CURA PHARMACEUTICAL COMPANY, | : |
| INC. | : Chapter 7 |
| | : |
| Debtor. | : Case No. 10-17888-MBK |
| | : |
| | : MOVANT REQUESTS WAIVER OF THE 14 |
| | : DAY STAY OF EFFECTIVENESS OF ORDER |
| | : |
| | : Hearing Date: May 24, 2010 at 10:00 a.m. |
| | : Oral Argument Requested |

### PORTER CAPITAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COME NOW** Porter Capital Corporation ("Porter"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 362 and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, moves this Court (this "Motion") for relief from the automatic stay. In support of this Motion, Porter relies upon the *Affidavit of Ron Williamson in Support of Porter Capital Corporation's Motion For Relief From The Automatic Stay*, (the "Williamson Aff.") attached hereto as Exhibit "A" and states as follows:

### I.    JURISDICTION

1. On March 18, 2010 (the "Petition Date"), Cura Pharmaceutical Company, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

1821119 v2

2. Porter brings this Motion pursuant to § 362 of the Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334(a).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

5. Venue of the Debtor's Chapter 7 case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL AND PROCEDURAL BACKGROUND

6. Porter is a secured creditor of Debtor. The debt is evidenced by: (1) that certain *Commercial Financing Agreement* (the "Financing Agreement") dated November 18, 2004, whereby Porter established a $3,000,000.00 credit facility (the "Facility") to purchase accounts receivable from Debtor; and, (2) that certain *Security Agreement* (the "Security Agreement" and together with the Financing Agreement, the "Credit Facility") dated November 19, 2004, whereby Debtor granted Porter a security interest in all of Debtor's "personal property and assets of any nature, including but not limited to its inventory, machinery, equipment, trade fixtures, good will, and accounts receivables" (collectively, the "Collateral"). *See* Williamson Aff, ¶ 5, Exh. 1 & 2.

7. Porter validly and timely perfected its first position security interest and lien in and to the Collateral by recording a UCC-1 Financing Statement (the "UCC"). *See* Williamson Aff, ¶ 6, Exh. 3.

8. The Debtor is in default under the Credit Facility due to, *inter alia*, its failure to make monthly payments as and when due. *See* Williamson Aff, ¶ 7.

9. The total amount due and owing under the Credit Facility is $1,757,922.37, which includes the following:

    (A) Unpaid Principal in the amount of $1,714,904.77 (as of March 2, 2010).

    (B) Accrued interest from March 2, 2010 through April 20, 2010 in the amount of $42,064.57.

    (C) Per diem interest in the amount of $858.46 beginning April 21, 2010.

    (D) Other additional charges in the amount of $953.03.

*See* Williamson Aff, ¶ 8.

10. In the Debtor's Schedules, the Debtor listed Porter as having a secured claim in the amount of $1,021,528.67. *See* Schedule D - Creditors Holding Secured Claims (Doc. No. 1).

11. According to the Debtor's Schedules, the value of all the Debtor's personal property is $1,145,940.35. *See* Schedule B - Personal Property (Doc. No. 1). However, Debtor also asserts in its Schedules that the value of the property subject to Porter's lien is $1,021,528.67. *See* Schedule D - Creditors Holding Secured Claims (Doc. No. 1). For an unknown reason, it appears that Debtor excluded its office equipment and machinery from the value it assessed to Porter's Collateral. The Security Agreement and UCC clearly cover office equipment and machinery and therefore, the Collateral includes said personal property.

## II.    BASIS FOR RELIEF

12. Porter seeks relief from the automatic stay to enforce its security interest in the Collateral. Section 362(d) of the Bankruptcy Code provides the basis for terminating the automatic stay and states that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -- (1) for cause, including lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if - (A) the debtor does not have an equity

>     interest in such property; and (B) such property is not necessary to an effective reorganization. . . .

11 U.S.C. § 362(d)(1). The burden of proof on a motion to modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while § 362(g)(2) shifts the burden of proof to the debtor for all issues other than the debtor's equity in the property.

    13.    Porter is entitled to relief from the stay under 11 U.S.C. § 362(d)(2) because Debtor has no equity in the Collateral and because the Collateral is not necessary to an effective reorganization. In its Schedules, Debtor admits that Porter's lien against the Collateral is in excess of the value of the Collateral. Accordingly, the Debtor lacks equity in the Collateral. *See, e.g., In re Indian Palms Associates*, 61 F.3d 197, 206 (3d Cir. 1995) (noting that "[t]he classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value").

    14.    Moreover, because the Debtor filed its case under chapter 7 of the Bankruptcy Code, the Property is not necessary for any reorganization of the Debtor. *See B.N. Realty Associates v. Lichtenstein*, 238 B.R. 249 (S.D.N.Y. 1999) ("…the only issue in a Chapter 7 case under § 362(d)(2) would be whether [the debtor had] equity in the property."); *In re Kennemer*, 143 B.R. 275, 280 n. 10 (Bankr. N.D. Ala. 1992) ("…in Chapter 7 cases, courts abandon the requirement of 11 U.S.C. 362(d)(2)(B), as the legal reorganization is not at issue."); *and In re Peacock*, 87 B.R. 657, 661 (Bankr. Colo. 1988).

    15.    Furthermore, Porter is entitled to relief from the Stay under 11 U.S.C. § 362(d)(1), because Debtor has not provided to Porter adequate protection to ensure its interest in the Collateral. As explained by the Third Circuit Court of Appeals, "in determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the

property's "equity cushion" -- the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims." *In re Indian Palms Assocs.*, 61 F.3d 197, 207 (3d Cir. N.J. 1995). In the case at hand, Debtor has no "equity cushion" in the Collateral and therefore, Porter's interest in the Collateral is not adequately protected. Accordingly, this Court should lift the automatic stay to permit Porter to foreclose on its interest in the Collateral.

16. Porter requests that this Court waive the 14 day stay of effectiveness under Federal Rule of Bankruptcy Procedure 4001(a)(3) for the relief sought herein.

17. No brief is necessary for this Motion since the issues presented herein are not of a complex nature.

WHEREFORE, Porter requests that this Honorable Court enter an order substantially in the form attached hereto as **Exhibit B** (i) granting it relief from the automatic stay to permit it to enforce its security interest in the Collateral and thereby reduce its claim in this case, and (ii) granting such other, further and different relief to which this Court determines is just and proper.

/s/ Richard J. Davis
Richard J. Davis (RD6537)
D. Christopher Carson *(pro hac vice pending)*
Marc P. Solomon *(pro hac vice pending)*
Counsel for Porter Capital Corporation

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1821119 v2                            5

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 30th day of April, 2010:

Timothy P. Neumann
Broege, Neumann, Fischer & Shaver
Counsel for Debtor
25 Abe Voorhees Drive
Manasquan, NJ 08736
tneumann@bnfsbankruptcy.com

Karen E. Bezner, Trustee
567 Park Avenue, Suite 103
Scotch Plains, NJ 07076

Ronald Horowitz
Counsel for GMG Transportation Corp.
14 Tindall Road
Tindall Professional Plaza
Middletown, NJ 07748
ronhorowitz@verizon.net

Jeffrey K. Garfinkle
Buchalter Nemer, PC
Counsel for McKesson Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
jgarfinkle@buchalter.com

Bruce Buechler
Lowenstein Sandler PC
Counsel for Wockhardt USA LLC
65 Livingston Avenue
Roseland, NJ 07068
bbuechler@lowenstein.com

            /s/ Richard J. Davis
            OF COUNSEL